[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jonathan was committed to the Department of Children and Families (D.C.F.) as an uncared for child with specialized needs on March 29, 2000, to March 29, 2001. He is 17 (seventeen) years old and is presently at Brightside Treatment Center in West Springfield, Massachusetts. D.C.F. is seeking to extend that commitment. Diane S, Jonathan's mother, has objected to that extension and is asking that Jonathan be returned to her.
Jonathan has many psychological problems. He has been diagnosed with conduct disorder, impulse control disorder, intermittent explosive CT Page 13446 disorder, oppositional defiant disorder and schizophreniform disorder. In addition, he has borderline intellectual functioning.
Prior to D.C.F.'s involvement, Jonathan was having a number of behavioral problems: he was skipping school, staying out late and having incidents of domestic violence with his mother. He was also engaged in inappropriate sexual activities. On one occasion he was seen masturbating at the Yale Book Store while reading a sexually explicit book. On another occasion he was downloading pornography from the Yale Library computer.
A number of community-based services and programs were provided to Jonathan to address these issues: Phat Chance, J.S.R.C. and the Jot-Lab program at Clifford Beers. None of these helped
Jonathan was committed to D.C.F. because his sexually offensive behavior could not be addressed in the community. After being committed to D.C.F., Jonathan was placed at Haddam Hills. While at Haddam Hills Jonathan continued to engage in sexually inappropriate conduct by exposing himself to peers and staff. He was sent to Brightside because Haddam Hills was not equipped to address Jonathan's behavior.
Brightside Treatment Center is a facility that treats sexually abusive youths. Jonathan entered this program on September 15, 2000. While at Brightside Jonathan has engaged in inappropriate sexual behavior, including exposing his genitalia to female staff. This has happened during the relatively early stages of Jonathan treatment. The `average' stay at the program is 18 (eighteen) months. As of yet, he has no understanding or insight into the reasons and motives for this behavior. Brightside engages Jonathan in a myriad of programs to address his multiple problems.
Mrs. S has proposed that Jonathan be returned to the community and live with her. She has in place certain programs that she believes will met Jonathan's needs. Yet, Mrs. S is either in denial as to Jonathan's behavior or minimizes it.
Jonathan is in need of the treatment that is offered by Brightside. Although he has exposed himself at Brightside, the specialized treatment that is offered there is the best hope that Jonathan can address his problems and eventually lead a normal life. There are no programs in the community that come remotely close to offering the help to Jonathan that he needs. Jonathan himself has stated that it would not be a good idea for him to live at home with his mom because she cannot control him and, if he were home, he would get into further trouble.
Therefore, it is the order of this court that Jonathan's commitment be CT Page 13447 extended for a maximum of one year from March 29, 2001. The permanency plan submitted by D.C.F. that Jonathan be transitioned form the Brightside Program into the Special Pops Independent Living Program where he will be placed into a 24 (twenty-four) supervised house and receive help in independent living and to cope with his sexual urges is in his best interest. The plan is approved.
Gerard F. Esposito
Judge of the Superior Court